UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-30199-KPN

|  |  |
|---|---|
| NATIONAL GRANGE MUTUAL INSURANCE COMPANY, as subrogee of ENGINEERING DESIGN ASSOCIATES, Plaintiff | ) ) ) ) ) |
| v. | ) ) |
| CITY OF SPRINGFIELD and SPRINGFIELD WATER AND SEWER COMMISSION, Defendants | ) ) ) ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, National Grange Mutual Insurance Company, as subrogee of Engineering Design Associates, by and through its undersigned counsel, complaining of defendants, hereby avers, upon information and belief, as follows:

### PARTIES

1.     Plaintiff, National Grange Mutual Insurance Company (hereinafter "National Grange"), is a corporation duly organized and existing under the laws of the State of New Hampshire with a principal place of business located at 55 West Street, Keene, New Hampshire 03431, which at all relevant times was engaged in the insurance business and was licensed to do business in the Commonwealth of Massachusetts.

2.     Defendant, City of Springfield, is a municipal corporation organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business located at 36 Court Street, Springfield, Massachusetts 01103.

3.    Defendant, Springfield Water and Sewer Commission, is an unincorporated entity with its principal place of business located at 250 M Street Extension, Agawam, Massachusetts 01001.

4.    At all relevant times, Engineering Design Associates ("Engineering Design") operated a structural engineering and architectural design firm from its leased premises at 969 Main Street, Springfield, Massachusetts 01103 ("premises").

5.    At all relevant times, plaintiff National Grange insured Engineering Design's business property and business operations.

## JURISDICTION AND VENUE

6.    Jurisdiction is based on 28 U.S.C. § 1332(a)(1) as this action involves a controversy between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7.    Venue is proper in this district based on 28 U.S.C. § 1391(a) in that the event giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

8.    Plaintiff incorporates by reference the preceding averments as though fully set forth herein at length.

9.    On December 31, 2000, the water main located under Main Street in downtown Springfield, Massachusetts ruptured, flooding several buildings on Main Street in Springfield, Massachusetts, including Engineering Design's premises.

10.    Upon information and belief, water flowed from the subject water main for more than twelve (12) hours.

2

11.    As a result of the aforementioned water main break and subsequent flooding, Engineering Design Associates' property and business was severely damaged and destroyed.

12.    As a result of the aforementioned water main break and subsequent flooding, National Grange paid its insured, Engineering Design, in excess of $165,735.27 to repair and replace its damaged property and for business interruption, and is subrogated to the rights of its insured to the extent of its payment.

13.    Pursuant to Massachusetts General Laws Chapter 258, § 4, plaintiff duly presented its claim for damages in writing to defendants City of Springfield and Springfield Water and Sewer Commission on January 18, 2002 and January 30, 2002.

### COUNT I NEGLIGENCE

14.    Plaintiff incorporates by reference the preceding averments as though fully set forth herein at length.

15.    At all relevant times, defendants owned and operated the public water supply and distribution system in Springfield, Massachusetts and had a duty to inspect, maintain, repair and replace the subject water main pipe and the water supply and distribution system in Springfield, Massachusetts.

16.    The water main break referred to in paragraph 9 and the resulting damages to Engineering Design's property were caused by the negligence, carelessness, and negligent omissions of defendants, their agents, servants and/or employees acting within the course and scope of their employment in:

        a.    failing to exercise reasonable care in the maintenance, inspection, testing, repair and replacement of the subject water main pipe and the water supply and distribution system;

        b.    failing to adequately, properly and safely inspect, test, maintain and repair the subject water main pipe and the water supply and distribution system;

3

    c.      failing to warn Engineering Design of the dangerous condition of the subject water main, which it knew or should have known existed, thereby creating an unreasonable risk of harm;

    d.      failing to promptly and properly repair the broken water main pipe; and

    e.      otherwise failing to use due care under the circumstances.

17.    As a direct and proximate result of defendants' negligence, carelessness and/or reckless acts and omissions, Engineering Design sustained damages.

WHEREFORE, plaintiff demands judgment against defendants, jointly and severally, in an amount in excess of $75,000, together with interests and the costs of this action.

The Plaintiff,
NATIONAL GRANGE MUTUAL INSURANCE COMPANY

By Its Attorneys,
MORRISON MAHONEY LLP

John F. Burke, Jr., BBO# 065140
1500 Main Street, Suite 2400
P.O. Box 15387
Springfield, MA  01115-5387
413-737-4373
413-739-3125 fax

OF COUNSEL:

Sean P. O'Donnell, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA  19103
215-665-2089
215-665-2013 fax