UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATIONAL GRANGE MUTUAL INSURANCE COMPANY, as subrogee Of ENGINEERING DESIGN ASSOCIATES<br>Plaintiff,<br><br>v<br><br>CITY OF SPRINGFIELD and SPRINGFIELD WATER AND SEWER COMMISSION<br>Defendants | Civil Action No. 04-30199-KPN |

## ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Now come the Defendants the City of Springfield and the Springfield Water and Sewer Commission, and answer to each and every allegation contained in the Plaintiff's Complaint as follows:

### PARTIES

1. The Defendants have insufficient information to either admit or deny the allegations contained in paragraph one of the Plaintiff's Amended Complaint.

2. The Defendants admit the allegations set forth in paragraph two of the Plaintiff's Amended Complaint.

44468

3. The Defendants deny the allegations set forth in paragraph three of the Plaintiff's Amended Complaint.

4. The Defendants have insufficient information to either admit or deny the allegations contained in paragraph four of the Plaintiff's Amended Complaint

5. The Defendants have insufficient information to either admit or deny the allegations contained in paragraph five of the Plaintiff's Amended Complaint.

## JURISIDCTION AND VENUE

6. The Defendants have insufficient knowledge of the information set forth in paragraph six of the Plaintiff's Amended Complaint and therefore deny this allegation.

7. The Defendants admit the allegations set forth in paragraph seven of the Plaintiff's Amended Complaint.

## STATEMENT OF FACTS

8. The Defendants repeat, reallege and incorporate by reference its answers as set forth in Paragraphs 1 through 7 above.

9. The Defendants admit the allegations set forth in paragraph nine of the Plaintiff's Amended Complaint.

44468

10. The Defendants have insufficient knowledge of the information set forth in paragraph ten of the Plaintiff's Amended Complaint and therefore deny this allegation.

11. The Defendants have insufficient information to either admit or deny the allegations contained in paragraph eleven of the Plaintiff's Amended Complaint.

12. The Defendants have insufficient information to either admit or deny the allegations contained in paragraph twelve of the Plaintiff's Amended Complaint.

13. The Defendants admit that the City of Springfield received a Presentment Letter dated January 30, 2002, but deny receipt by the Springfield Water and Sewer Department of a Presentment Letter dated January 18, 2002.

## COUNT I NEGLIGENCE

14. The Defendants repeat, reallege and incorporate by reference its answers as set forth in Paragraphs 1 through 13 above.

15. The Defendants admit so much of the allegations in paragraph fifteen that allege that it owned and operated the public water supply and distribution system in Springfield, Massachusetts and deny the balance of said allegations.

44468

16. The Defendants deny the allegations set forth in paragraph sixteen of the Plaintiff's Amended Complaint.

17. The Defendants deny the allegations set forth in paragraph seventeen of the Plaintiff's Amended Complaint.

## AFFIRMATAIVE DEFENSES

### FIRST DEFENSE

The Plaintiff fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

If the Plaintiff suffered any damage as alleged, such damage was caused by the acts or omissions of parties other than the Defendants.

### THIRD DEFENSE

The alleged actions of the Defendants were not the proximate cause of any damage to the Plaintiff.

### FOURTH DEFENSE

If the Plaintiff sustained any damages as alleged in the Complaint, they were not caused by the Defendants' negligence and as such Plaintiff can not recover against the Defendant.

### FIFTH DEFENSE

Further answering the Defendant says that the Plaintiff's insured, Engineering

44468

Design Association, was negligent, which negligence was greater than the defendant's negligence, and therefore the Plaintiff is not entitled to recover, as provided under the terms and provisions of M.G.L. c. 231 § 85.

**SIXTH DEFENSE**

The Plaintiff's insured, Engineering Design Association, was not in the exercise of due care; their own negligence contributed to their injuries and any recovery must be reduced pursuant to M.G.L. c. 231 § 85.

**SEVENTH DEFENSE**

The Plaintiff's insured, Engineering Design Association, has failed to comply with the statutory requirements of M.G.L. c. 258 § 1 et seq.

**EIGHTH DEFENSE**

The Plaintiff failed to present their claim in writing to the executive officer of the public employer within two years of the alleged incident pursuant to M.G.L. c. 258 § 4 and their claims are therefore barred.

**NINTH DEFENSE**

The Defendants are immune from liability in that Plaintiff's claim is based upon the exercise or performance or failure to exercise or perform a discretionary function or duty of the part of a public employer or public employee as set forth in M.G.L. c. 258 § 10(b).

**TENTH DEFENSE**

The Defendants are immune from liability pursuant to the provisions of M.G.L. c. 258 § 10(j).

44468

**THE DEFENDANTS, CITY OF SPRINGFIELD AND THE SPRINGFIELD WATER AND SEWER COMMISION, DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

                        THE DEFENDANTS
                        CITY OF SPRINGFIELD and
                        SPRINGFIELD WATER AND
                        SEWER COMMISSION

By: _____
     John T. Liebel, Esq.
     City of Springfield
     Law Department
     36 Court Street
     Springfield, MA  01103
     Telephone (413) 787-6085
     Telefax    (413) 787-6173
     BBO # 299660

## CERTIFICATE OF SERVICE

To:

| | |
|---|---|
| John F. Burke Jr. | Sean P. O'Donnell, Esq. |
| 1500 Main Street, Suite 2400 | Cozen O'Connor |
| P.O. Box 15387 | 1900 Market Street |
| Springfield, MA  01115-5387 | Philadelphia, PA  19103 |

I, John T. Liebel, hereby certify that I caused a copy of the foregoing document to be delivered to the above named on this _16_ day of ~~October~~ November, 2004.

_____
John T. Liebel, Esq.

44468